**UNITED STATES of America (INTERNAL REVENUE SERVICE), Appellant,**

**v.**

**Dudley Davis TAYLOR, Appellee.**

Nos. 2–95CV–199, 2:95cv198.

United States District Court, E.D. Texas, Marshall Division.

Oct. 17, 1996.

G. Hobart Miller, Dept. of Justice Tax Division, Dallas, TX, Mike Bradford, U.S. Attorney, Beaumont, TX, for Appellant.

Jason R. Searcy, P.C., Longview, TX, for Appellee.

### MEMORANDUM OPINION AND ORDER

FOLSOM, District Judge.

This matter comes before the Court on appeal from the United States Bankruptcy Court, filed September 22, 1995. The United States of America through the Internal Revenue Service, (hereinafter "the IRS"), appeals two separate orders entered by the bankruptcy court. One Order granted Dudley Davis Taylor's (hereinafter "Debtor") motion for summary judgment. The other denied the IRS' cross-motion for summary judgment. Both Orders were docketed on September 14, 1995. The IRS filed two separate notices of appeal. Because the two appeals deal substantively with the same issues and parties, this Court has consolidated the two appeals. Jurisdiction is based on 28 U.S.C. § 158(a). For the reasons set forth below, the Orders of the bankruptcy court granting Debtor's motion for summary judgment and denying the IRS' cross-motion for summary judgment are AFFIRMED.

### I.

### BACKGROUND

The facts on appeal are undisputed.[1] On August 9, 1993, Debtor filed a bankruptcy petition under chapter 11 of Title 11 of the United States Code. Before he filed for bankruptcy, Debtor was President of Marshall Mill and Elevator Co., Inc., a company that is no longer in business. During its period of operation, Marshall Mill and Elevator Co., Inc. incurred certain employment tax liabilities, including the income taxes and FICA contributions for its employees. These tax liabilities were never paid, although the taxes and the employees' FICA contributions were withheld from the employees' paychecks. The company's failure to pay the employees' income taxes and FICA contributions can give rise to the imposition of a "6672 penalty" which the IRS is authorized to assess under 26 U.S.C. § 6672.

At the time Debtor filed his bankruptcy petition, Debtor had not been assessed a § 6672 penalty. Approximately five months after he filed his petition, the IRS filed a proof of claim in the debtor's bankruptcy case that listed only unliquidated liabilities for 1992 income tax. No claim was made for civil penalties under § 6672 at that time. Debtor filed an objection to this proof of claim for 1992 income tax. Ultimately, the IRS determined, following an audit, that no additional income tax was owed for 1992 and withdrew its proof of claim.

Debtor then filed his Disclosure Statement and his proposed Plan of Reorganization. In both the disclosure statement and the proposed plan, Debtor classified as Class 1(b), "[a]ll claims entitled to priority of payment in accordance with 11 U.S.C. § 507 including . . . [a]ny claim for taxes or penalties owed to the Internal Revenue Service, including but not limited to penalties under 26 U.S.C. § 6672." Both documents reflected that the debtor is not indebted for any claim in Class 1(b) and that "[a]ll such claims, whether or not asserted, are discharged without receiving payment." While Debtor mentioned in the Disclosure Statement that he had been the President and Manager of Marshall Mill and Elevator, Co., Inc., he did not mention the unpaid tax liabilities of the company.

According to the IRS, it did not object either to the approval of the Disclosure Statement or confirmation of the Plan of Reorganization, because it had withdrawn its proof of claim and no longer had an interest in the bankruptcy. By way of explanation,

---

1. The facts and documents referred to in this Order can be found in the record.

the IRS states that it had not yet conducted an investigation into the tax liability of Marshall Mill and Elevator Co., Inc. and consequently had not made a § 6672 penalty assessment against Debtor. The IRS asserts that its records would have shown no tax liability under Debtor's Social Security Number, at that time, because the assessment had not yet been made.

The Disclosure Statement was approved on February 22, 1994 by the bankruptcy court, and the Plan was confirmed on April 9, 1994. On May 25, 1994, the IRS notified the Debtor of its intent to assess a § 6672 penalty against him, as he was a "responsible person"[2] for the unpaid taxes of Marshall Mill and Elevator Co., Inc. Debtor then filed a complaint against the IRS on October 13, 1994, asking the bankruptcy court to declare that he was not liable for the § 6672 penalty by virtue of the confirmation of the Plan of Reorganization. Debtor filed a motion for summary judgment, contending that the confirmation of the Plan in which the IRS participated barred the IRS from collecting the tax debt in issue. The IRS filed a cross motion for summary judgment, contending that the § 6672 penalty was non-dischargeable, even by confirmation of the Plan.

The bankruptcy court, after hearing oral argument, ruled in favor of the debtor, stating in its order that Debtor "is not liable, obligated, or otherwise bound to pay any tax, penalty or interest arising from or related to any failure by Marshall Mill & Elevator Co., Inc. to pay employee withholding taxes required to be withheld and paid pursuant to 26 U.S.C. § 941, and specifically including, but not limited to, any and all penalties sought to be assessed by the Defendant under 26 U.S.C. § 6672." The bankruptcy court followed *Republic Supply Co. v. Shoaf,* 815 F.2d 1046 (5th Cir.1987), finding the IRS' claim barred by *res judicata.* The IRS appealed, which is the subject of this Memorandum Opinion and Order.

## II.

## DISCUSSION

■ The issue pending before the Court is whether the bankruptcy court erred in deter-

mining that *res judicata* bars the IRS from collecting a non-dischargeable liability under § 1141(d)(2) that was fixed at $0.00 by the Debtor's confirmed Chapter 11 plan. The issue on appeal is a legal issue, and the bankruptcy court's conclusions of law will be reviewed *de novo.* The Court finds that the bankruptcy court did not err.

■ The IRS asserts that the taxes at issue are priority taxes excepted from discharge, and confirmation of the Debtor's plan does not discharge the Debtor from his liability for the tax. The IRS relies on *Matter of Fein,* 22 F.3d 631 (5th Cir.1994) and the cases cited therein to support this proposition. At the outset, the Court notes that the bankruptcy court did not find a discharge of the alleged tax debt, and this Court does not either. Rather, the tax debt at issue was fixed at $0.00, and the Plan was confirmed. The tax debt in issue was given specific treatment under the Plan, and the Plan was not objected to by the IRS. The IRS' pursuit of the tax debt in issue is not barred by discharge, but rather by *res judicata.*

■ "[A] bankruptcy order is entitled to the effect of *res judicata.*" *Republic Supply,* 815 F.2d at 1051. The elements necessary for the application of *res judicata* are the parties must be identical in both suits; the prior judgment must have been rendered by a court of competent jurisdiction; there must have been a final judgment on the merits; and, the same cause of action must be involved in both cases. *See Id.; Nilsen v. City of Moss Point, Miss.,* 701 F.2d 556, 559 (5th Cir.1983).

In this case, the parties are identical in the bankruptcy case and the case before the Court. The IRS participated in the bankruptcy case by filing a proof of claim and later withdrawing its proof of claim. The IRS was served a Disclosure Statement and Plan of Reorganization. Therefore, the first element is satisfied.

There is no dispute that the order confirming the Plan of Reorganization was rendered

---

**2.** A responsible person is an individual within the corporation who has the power, authority, and legal duty to ensure that taxes are withheld, accounted for, and paid over to the government.

by a court of competent jurisdiction. The second element is satisfied.

It is not disputed that the Plan of Reorganization is a final judgment on the merits. The bankruptcy court confirmed the Plan and disposed of Debtor's tax liability in an order that was final and appealable. The third element is satisfied.

Finally, the same cause of action must be involved in the two suits. The Court must determine whether the bankruptcy court's order confirming the Plan extinguished the IRS' cause of action to collect the alleged unpaid tax debt. The Debtor's Plan of Reorganization contained a provision for the proposed final determination under 11 U.S.C. § 505 of "any claim for taxes or penalties owed to the Internal Revenue Service, including but not limited to penalties under 26 U.S.C. § 6672." The treatment afforded the IRS in the Plan states "[p]ursuant to 11 U.S.C. § 505, debtor is not indebted for any claims in this class." The bankruptcy court confirmed the plan, leaving no issues to be determined subsequent thereto. Because the penalties attempted to be assessed here were addressed in the Plan, the final element for applying *res judicata* is met.

The IRS contends that *res judicata* cannot be applied to do that which the Code prohibits, namely allowing confirmation of a chapter 11 plan to discharge a non-dischargeable debt. As stated above, the Court does not find that the debt was discharged. Moreover, the Court agrees with the bankruptcy court regarding the applicability of *Republic Supply* and its distinction from *Fein, supra*.

*Republic Supply* involved a reorganization plan containing a provision providing for the release of a guaranty as to a creditor who participated in the bankruptcy proceeding. The creditor did not object to the provision, nor did he appeal the order confirming the Plan. The creditor filed suit against the guarantor for the debtor's debts. The guarantor argued that *res judicata* barred the creditor's claim. The creditor contended that *res judicata* did not apply because, based on § 524, the provision in the Plan releasing the guarantor was beyond the authority of the bankruptcy court. Section 524 of the Code precludes the release of guaran-

tors in bankruptcy. However, the Fifth Circuit held in *Republic Supply* that "the statute does not by its specific words preclude the discharge of a guaranty when it has been accepted and confirmed as an integral part of a plan or reorganization." *Id.* at 1050. The court went on to state "[r]egardless of whether [the release] provision is inconsistent with the bankruptcy laws or within the authority of the bankruptcy court, it is nonetheless included in the Plan, which was confirmed by the bankruptcy court without objection and was not appealed." *Id.*

In *Fein*, the tax liabilities were not a part of the plan of reorganization. The debtor did not list the IRS as a creditor, nor did the IRS file a proof of claim. *Fein*, 22 F.3d at 632.

In the case before the Court, the Disclosure Statement and the Plan of Reorganization were served on the IRS. Tax liabilities were part of the Plan. The Plan was confirmed, and the IRS filed no objection or appeal. The Court finds that the facts of this case fit within the facts of *Republic Supply*, and affirms the Orders of the bankruptcy court.